IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

      Petitioner,

v.                                            CIV 14-1001 MV/KBM

GERMAN FRANCO, Warden, et al.,

      Respondents.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Order of Reference by the Honorable Martha Vazquez, filed November 20, 2014, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 9.*

On November 4, 2014, Nick James Gonzales ("Petitioner") filed a Motion for Preliminary Injunction and Motion to Proceed in Forma Pauperis on a Federal Habeas. *Doc. 1.* Thereafter, he filed a Memorandum in Support of Petition (*Doc. 5*), as well as an Amended Petition under 28 U.S.C. § 2254 (*Doc. 6*). The Court construes these filings, collectively, as a federal habeas petition. Also before the Court is Petitioner's Motion for Consideration and Request for Hearing (*Doc. 14*), filed January 28, 2015, and Motion for Appointment of Counsel (*Doc. 15*), filed on February 23, 2015.

In his federal habeas petition, Petitioner alleges that he was the subject of an unconstitutional disciplinary proceeding by which he was deprived of good time and

placed in maximum security. More particularly, Petitioner complains that he was precluded from presenting security-camera footage at the proceeding. Acknowledging that his state habeas petition remains pending before the First Judicial District Court, Petitioner asks this Court to direct the state court to act on his petition. Because Petitioner has failed to exhaust available state court remedies, however, this Court recommends that his Petition be dismissed without prejudice and that his request for a hearing and appointment of counsel be denied.

### A.  Background

On March 3, 1997, Petitioner executed a Plea and Disposition Agreement whereby he agreed to plead guilty to a first-degree offense of felony murder in exchange for the dismissal of certain remaining counts in an indictment. *Doc. 11*, Ex. B. Petitioner was sentenced as a juvenile to a 30-year term of imprisonment. *Doc. 11*, Ex. A & B. Petitioner is now in the custody of the New Mexico Department of Corrections. *See Doc. 11*, Ex. C & D. Prison records show that between May 12, 1997 and May 2, 2013, Petitioner was charged with over ninety inmate offenses, both major and minor, and found guilty of the vast majority of them. *See Doc. 11*, Ex. C. According to Petitioner, he lost good time credits and was placed in maximum security as the result of an unspecified disciplinary infraction. *Doc. 6* at 2.

On August 20, 2014, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("state habeas petition") in the First Judicial District Court, County of Santa Fe. *Doc. 11*, Ex. E. In his state habeas petition, Petitioner alleges that Defendant Franco and the New Mexico Department of Corrections violated his state and federal constitutional rights, including the right to equal protection and due process, by denying

him the opportunity to present video evidence at a disciplinary hearing. *Doc. 11*, Ex. E, at 1-2.

The state habeas petition was docketed in the First Judicial District Court in cause number D-101-CV-2014-01956 on August 20, 2014. *See Doc. 11*, Ex. R; *see also* Docket entries in case Number D-101-CV-2014-01956, New Mexico State Judiciary Case Lookup Application, https://caselookup.nmcourts.gov.[1]  Since the filing of his initial state habeas petition, Petitioner has filed more than a dozen motions, requests, memoranda, and other pleadings. The state habeas petition, along with these other filings and an amended state habeas petition, remains pending before the First Judicial District and was recently reassigned to Judge Jennifer Attrep.[2]

The state habeas petition had been pending less than three months at the time Petitioner filed the federal habeas petition presently before this Court. Approximately ten months have now passed since the filing of state habeas petition; however, the state court has not yet granted or denied the state habeas petition.

Respondents now seek dismissal without prejudice of Petitioner's federal habeas petition on the basis that he is "still in the process of exhausting available state-court remedies." *Doc. 11* at 1.

---

[1] The Court takes judicial notice of the state court docket for Petitioner's state habeas petition, which is available using the New Mexico State Judiciary Case Lookup Application.  *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (reasoning that a court may take judicial notice of facts that are a matter of public record); *Stack v. McCotter*, No. 02-4157, 79 F. App'x 383, 391-92 (10th Cir. 2003) (noting that a federal court may take judicial notice of docket sheet entries in related state court proceedings).

[2] Petitioner's state habeas action was just recently assigned to Judge Attrep following the recusal of Judge Mary Marlowe Sommer on May 22, 2015.

**B. Analysis**

In his amended federal habeas petition, Petitioner indicates that the grounds for his petition are (1) the denial of a constitutional disciplinary hearing, and (2) the denial of proper review by the state district court. *Doc. 6* at 5. Although Petitioner identifies his federal habeas petition as a petition under 28 U.S.C. § 2254, it may be more properly construed under 28 U.S.C. § 2241 as a challenge to the execution of his sentence rather than the validity of his sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (reasoning that challenges to the implementation of a sentence, rather than to the basis for the sentence, should be brought under § 2241). In either case, Petitioner must exhaust his state remedies. *Hamm v. Saffle*, 300 F.3d 1213 (10th Cir. 2002) (holding that "[a] habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'"). This means that Petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court. *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Additionally, a § 2241 petitioner must exhaust all available administrative remedies, such that prison officials have the opportunity to address his issues on the merits. *Dulworth v. Evans,* 442 F.3d 1265, 1268-69 (10th Cir. 2006).

Petitioner argues that the merits of his state habeas petition "can't actually be considered 'pending'" because they have "sat idly" in the state district court and have not been acted upon. *Doc. 5* at 2. Petitioner contends that he is being denied "proper

4

review" by the state district court in violation of SCRA 2000 Rule 5-802, which "compels [sic] the Court to examine the Petition 'Promptly.'" *Doc. 5* at 3. But Petitioner does not provide any authority for excusing the exhaustion of state remedies based upon a violation of Rule 5-802. Construing his arguments liberally, Petitioner may be arguing that the state court's failure to decide  his state habeas corpus petition constitutes an "absence of available State corrective process" or creates circumstances that render such process "ineffective to protect [his] rights" under 28 U.S.C. § 2254(b)(1)(B). Indeed, the Tenth Circuit has found an exception to the exhaustion of state remedies requirement when the petitioner can show inordinate, excessive, and inexcusable delay in the state process that renders his habeas rights ineffective. *Harris v. Champion*, 938 F.2d 1062, 1069 (10th Cir. 1991).

As such, the Court must consider whether the state court's delay in deciding Petitioner's state habeas petition is inordinate, excessive, or inexcusable.  Petitioner's state habeas petition has been pending in the First Judicial District Court for approximately ten months.  While the Court has yet to decide the petition, Petitioner's allegation that his petition has "sat idly" without any action or granting of free process is not entirely accurate. On May 5, 2015, the court made an indigence determination, granting Petitioner free process. Additionally, the case has undergone reassignment more than once following peremptory excusals filed by Petitioner. And, notably, Petitioner has filed more than a dozen motions, requests, memoranda, and other pleadings in the case, which the court must now consider in addition to his state habeas petition.

In a "Memorandum" submitted to this Court by Petitioner on December 12, 2014, Petitioner stated that he had received correspondence from the state district court indicating that he "must do this and a [sic] do that in order to have habeas corpus petitions filed and processed." *Doc. 12* at 1. Petitioner has not provided the referenced correspondence to the Court for its review, and the docket does not reflect any action taken on his state habeas petition based upon his failure to follow court procedures. The docket does reflect, however, that an Amended Petition for Writ of Habeas Corpus was filed thereafter, on January 14, 2015. This amended state habeas petition has now been pending for just over five months.

Petitioner cites *Caristo v. Sullivan*, 818 P.2d 401 (N.M. 1991) in support of his position that he should be excused from exhausting state remedies. In *Caristo*, the New Mexico Supreme Court expressed great concern over delays, in one case five years and in the other case three and one-half years, in the district court's consideration of two habeas petitions.  *Id.* at 402. The delay in this case, however, does not approach the extent of delays at issue in *Caristo*.

Under the circumstances, and particularly given the litany of filings by Petitioner, including an amended state habeas petition on January 14, 2015, this Court finds no inordinate, excessive, or inexcusable delay attributable to state officials. *See Thomas v. Janecka*, 09cv0174 RB/LAM at 9 (D.N.M. October 20, 2009) (concluding that a claim, which had been pending in state district court for approximately ten months, had not been pending for an inordinate, excessive, or inexcusable period of time.) Because Petitioner has not fully afforded the state courts an opportunity to address his claim that he was subjected to an unconstitutional disciplinary proceeding, the Court recommends

denial without prejudice of his federal habeas petition to allow him to pursue available State-court remedies, including a writ of certiorari with the New Mexico Supreme Court.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Petitioner's § 2254 Petition be **denied** and **dismissed without prejudice** for failure to exhaust state court remedies.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Consideration and Request for a Hearing (*Doc. 14*) and Motion for Appointment of Counsel (*Doc. 15*) be **denied**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

<br>

_____
UNITED STATES CHIEF MAGISTRATE JUDGE